COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Kelsey and Senior Judge Coleman
Argued at Richmond, Virginia


KATINA LATRICE MORRIS

                                                               OPINION BY
v.       Record No. 0064-07-2                    JUDGE SAM W. COLEMAN III
                                                               APRIL 8, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HANOVER COUNTY
John R. Alderman, Judge

Linwood T. Wells, III, for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Katina Latrice Morris was convicted in a bench trial of possession of heroin and

possession of cocaine. On appeal, Morris asserts the evidence failed to establish that the

offenses were committed within the trial court's jurisdiction "as the proper venue was not

Hanover County, Virginia." The underlying argument to support Morris's assertion is that she

was unconscious from a self-administered drug overdose when transported by emergency vehicle

into Hanover County and, thus, she was not "knowingly and voluntarily" in possession of the

drugs in that venue. For the reasons that follow, we disagree and affirm the trial court's decision.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

So viewed, the evidence proved that around midnight on December 12, 2005, Morris was transported by ambulance from a residence in Henrico County to a hospital in Hanover County. Hospital paramedic Vicki Merkle testified Morris was unresponsive when she arrived at the hospital and that she appeared to have overdosed on drugs. Merkle undressed Morris and discovered two syringes and a glass smoking device in Morris's right front pants pocket. From another pocket, Merkle removed a dollar bill exhibiting a white residue.

Deputy Steve Wills interviewed Morris in the hospital. Wills described Morris as being "unconscious" when he first encountered her. After she was revived, Wills advised Morris of her Miranda rights. Morris admitted to Wills that although the syringes were "clean" she possessed them for the purpose of injecting heroin. She also stated the glass tube was a "crack stem" that did not belong to her but that she had smoked crack cocaine out of it earlier that night. Finally, Morris told the deputy that the residue on the dollar bill was heroin. Testing confirmed the "crack stem" and dollar bill contained traces of cocaine and heroin.

In Morris's motions to strike, she argued, albeit obliquely, that the Commonwealth did not prove proper venue in Hanover County because the evidence failed to establish Morris knowingly possessed the drugs while in that county. She relies upon the uncontroverted evidence that she was unconscious when transported from Henrico into Hanover without her knowledge or consent.

ANAYLSIS

Code § 19.2-239 confers jurisdiction on the respective circuit courts of this Commonwealth for "all presentments, indictments and informations for offenses committed within their respective circuits." Code § 19.2-239. Thus, a "criminal charge cannot be sustained unless the evidence furnishes the foundation for a 'strong presumption' that the offense was committed within the jurisdiction of the court." Keesee v. Commonwealth, 216 Va. 174, 175,

217 S.E.2d 808, 809-10 (1975). "The burden is on the Commonwealth to prove venue by evidence which is either direct or circumstantial." Id. at 175, 217 S.E.2d at 809.

"'Questions of venue must be raised before the verdict in cases tried by a jury and before the finding of guilt in cases tried by the court without a jury.' Code § 19.2-244. Otherwise the question of venue is waived." Sutherland v. Commonwealth, 6 Va. App. 378, 380, 368 S.E.2d 295, 297 (1988). When venue is challenged on appeal, we determine "whether the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to support the [trial court's] venue findings." Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990). Venue depends on the "nature of the crime alleged and the location of the act or acts constituting it." United States v. Anderson, 328 U.S. 699, 703 (1946). When a crime — if committed at all — must have occurred within the court's territorial jurisdiction, appellate approval of the sufficiency of the evidence necessarily subsumes the question of venue. "Accurately speaking," the Virginia Supreme Court has explained, a venue challenge in such a case is nothing more than the defendant claiming "the evidence is insufficient to establish his presence . . . where and when the crime was committed." Williams v. Commonwealth, 188 Va. 583, 594, 50 S.E.2d 407, 412 (1948).

Morris does not contest that she actually possessed the narcotics in Hanover County or that she had knowingly and voluntarily possessed the drugs in Henrico. Instead, she contends that "[s]ince [she] was never conscious when she entered Hanover County, she never knowingly and intentionally possessed cocaine or heroin in Hanover County. If there was an offense committed," she reasons, "it should have been brought in Henrico County, not Hanover."

"In order to convict a person of illegal possession of an illicit drug, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." Walton v. Commonwealth, 255 Va.

422, 426, 497 S.E.2d 894, 899 (1994) (citation omitted). The Commonwealth may prove possession of a controlled substance by showing either actual or constructive possession. Birdsong v. Commonwealth, 37 Va. App. 603, 607, 560 S.E.2d 468, 470 (2002). To establish possession in the legal sense, not only must the Commonwealth show actual or constructive possession of the drug by the defendant, it must also establish that the defendant intentionally and consciously possessed the drug with knowledge of its nature and character. Williams v. Commonwealth, 14 Va. App. 666, 669, 418 S.E.2d 346, 348 (1992). "'Knowledge of the presence and character of the controlled substance may be shown by evidence of the acts, statements or conduct of the accused.'" Id. (quoting Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981)).

Here, the contraband was recovered from Morris's clothing. She admitted that initially she had purposely and intentionally possessed the items knowing they contained drugs. Thus, Morris had knowingly and voluntarily possessed the narcotics and exercised dominion and control over them. Morris does not contest this issue. The question, then, becomes whether Morris continued to be in knowing and voluntary possession of the drugs and was aware of their nature and character even though she was rendered unconscious before and during the time she was transported into Hanover County.

A suspect's actual, physical possession of drugs permits the inference that he or she knowingly possessed them aware of their illegal nature and character. See Hunley v. Commonwealth, 30 Va. App. 556, 562, 518 S.E.2d 347, 350 (1999); Armstrong v. Commonwealth, 29 Va. App. 102, 114, 510 S.E.2d 247, 252-53 (1999); Hamilton v. Commonwealth, 16 Va. App. 751, 754, 433 S.E.2d 27, 29 (1993); Josephs v. Commonwealth, 10 Va. App. 87, 101, 390 S.E.2d 491, 498-99 (1990) (*en banc*). "When the drugs are found in the actual, physical possession of the accused, knowledge of *where* they were and the defendant's

assertion of dominion are virtually incontrovertible; such possession is also evidence that the accused *knew* what he possessed." Ronald J. Bacigal, <u>Virginia Practice Series: Criminal Offenses & Defenses</u> 166 (2007-08) (emphasis in original); <u>see</u> <u>also</u> <u>State v. Reid</u>, 566 S.E.2d 186, 192 (N.C. Ct. App. 2002) (stating that the "knowing possession" element can be inferred from "actual possession").

Morris notes, however, that for venue to have been established in a particular city or county, all elements of the offense must have been committed in that particular city or county, <u>see</u> <u>Green v. Commonwealth</u>, 32 Va. App. 438, 449, 528 S.E.2d 187, 192 (2000) ("[V]enue is appropriate in any jurisdiction where the required elements of the offense have been established."), and here, the uncontroverted evidence is that Morris was unconscious from the time that she was transported into Hanover County without her knowledge or consent until the items containing the drugs were removed from her.

We hold that, because knowing and intentional possession of a controlled substance is an ongoing and continuing offense and because self-induced intoxication or unconsciousness will not be considered a defense to possession of drugs, venue was established in Hanover County.

"Possession is by nature a continuing offense." <u>Jordan v. Virginia</u>, 653 F.2d 870, 875 (4th Cir. 1980). <u>See</u> <u>also</u> <u>United States v. Muhammad</u>, 502 F.3d 646, 653 (7th Cir. 2007) (distribution and possession with intent to distribute are continuing crimes); <u>United States v. Medina</u>, 992 F.2d 573, 587 (6th Cir. 1993) ("Possession with intent to distribute a controlled substance is a continuing offense . . . ."); <u>United States v. Uribe</u>, 890 F.2d 554, 559 (1st Cir. 1989) (possession with intent to distribute); <u>United States v. Stitzer</u>, 785 F.2d 1506, 1519 (11th Cir. 1986) ("[P]ossession with intent to distribute is a continuing offense.").

> "A continuing offense is a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy. Where such an act or series of acts runs through several jurisdictions, the

offense is committed and cognizable in each." United States v. Midstate Horticultural Company, 306 U.S. 161, 166 (1939). See also Dunlavey v. Commonwealth, 184 Va. 521, 35 S.E.2d 763 (1945) (when property is stolen in one county and the thief is found with goods in another, venue for larceny is proper in either); Barber v. Commonwealth, 5 Va. App. 172, 360 S.E.2d 888 (1987) (because conspiracy is a continuing offense, venue may be proper in more than one place).

Thomas v. Commonwealth, 38 Va. App. 319, 324-25, 563 S.E.2d 406, 409 (2002). Like larceny, possession of illegal narcotics continues during the entire time one is in possession of the items. In this case, Morris, by her own admission, consciously and intentionally possessed the narcotics. She actually possessed cocaine and heroin in Hanover County and admitted the items found on her person in Hanover were the same items she possessed in Henrico. The fact that she may have been unconscious when she was transported into Hanover does not negate the fact that she knowingly and intentionally possessed the narcotics when she chose to carry them on her person.

Furthermore, "[e]xcept in cases of first degree and capital murder, where proof of voluntary intoxication may negate deliberation and premeditation, such intoxication, whether from drugs or alcohol, is no defense to a criminal charge." Griggs v. Commonwealth, 220 Va. 46, 52, 255 S.E.2d 475, 479 (1979) (citation omitted). Morris admitted having voluntarily administered the drugs prior to being transported to Hanover. Witness testimony corroborated this claim and established Morris voluntarily consumed enough narcotics to render herself unconscious.

"Unconsciousness is a state of mind of persons of sound mind suffering from some voluntary or involuntary agency rendering them unaware of their acts." Greenfield v. Commonwealth, 214 Va. 710, 714, 204 S.E.2d 414, 417 (1974). "[S]elf-induced unconsciousness goes only to the grade of the offense and not to the existence of a complete defense." Id. In this case, Morris's self-induced intoxication rendering her unconscious from an

- 6 -

overdose of illegal narcotics, does not negate the continuing offense of her knowingly and intentionally possessing the drugs found on her. Her knowing and intentional possession of the items continued as she was transported into another jurisdiction.

Proof of venue "'is not a part of the crime.'" Randall v. Commonwealth, 183 Va. 182, 187, 31 S.E.2d 571, 573 (1944) (quoting Farewell v. Commonwealth, 167 Va. 475, 479, 189 S.E. 321, 323 (1937)). Thus, the prosecution need not "prove where the crime occurred beyond a reasonable doubt, since venue is not a substantive element of a crime." United States v. Griley, 814 F.2d 967, 973 (4th Cir. 1987). As noted above, it is enough that the evidence, direct or circumstantial, raises a ""'"strong presumption'""" that the crime occurred within the territorial jurisdiction of the court. Thomas, 38 Va. App. at 323, 563 S.E.2d at 408 (quoting Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980), quoting in turn, Keesee, 216 Va. at 175, 217 S.E.2d at 810). In this case, because the evidence raises a strong presumption that the offense occurred in Hanover County, we find no error with the court's decision. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove that appellant was guilty of possessing heroin and cocaine in Hanover County.

Affirmed.