COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Beales and Senior Judge Annunziata
Argued at Richmond, Virginia


KEVIN LAMONT NEWBY

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0250-08-1                  JUDGE ROSEMARIE ANNUNZIATA
                                                               MAY 19, 2009

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                            Wilford Taylor, Jr., Judge

          John E. Robins, Jr. (Office of the Public Defender, on brief), for
          appellant.

          Donald E. Jeffrey, III, Senior Assistant Attorney General (William C.
          Mims, Attorney General, on brief), for appellee.


     Kevin Lamont Newby (appellant) appeals his conviction of distributing obscene material in

violation of Code § 18.2-374.  On appeal, appellant contends the evidence was insufficient to prove

he committed any portion of the charged offense in the City of Hampton.  Finding no error, we

affirm appellant's conviction.

     Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  See Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779

(1999).  When addressing the sufficiency of the evidence, we "'presume the judgment of the trial

court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without

evidence to support it.'"  Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(2003) (*en banc*) (quoting <u>Davis v. Commonwealth</u>, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)).

In October 2007, Batiya Jones was employed at WVEC, a television station located in Hampton, Virginia. On behalf of WVEC, Jones received in the mail an envelope addressed to Regina Mobley, a news anchor person for the station. Without opening the envelope, Jones forwarded it to Mobley at her office in Norfolk, Virginia.

When Mobley opened the envelope, she found fifteen photographs of an individual in various stages of undress, including full frontal nudity. Appellant's name, the name of the high school he attended, and a statement that he had played varsity basketball were written on the inside of the envelope and his return address in Surry, Virginia was written on the outside. In addition, an invitation for Mobley to contact appellant if she liked what she saw in the pictures was included.

The management of the television station turned over the photographs and the envelope to the police. Using records and a photograph on file with the Department of Motor Vehicles, Detective Michael Wisniewski connected the return address on the envelope to appellant. After appellant's arrest, Wisniewski asked him if he knew what the police wanted to discuss with him. Appellant nodded his head, and invoked his right to have an attorney present during questioning.

Pursuant to Code § 18.2-374(3), the statute under which appellant was convicted, it is unlawful to distribute "any obscene item." The statute defines "distribute" as "delivery in person, by mail, messenger or by any other means by which obscene items as defined in this article may pass from one person, firm or corporation to another." Code § 18.2-374. Appellant argues the evidence did not prove he distributed an obscene item in Hampton, where he was

charged and tried.[1]  Thus, the contention we address on appeal is whether the evidence

sufficiently established proper venue in Hampton.[2]

"Ordinarily, a criminal case must be prosecuted in the county or city in which the offense

was committed."  Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990) (citing

Code § 19.2-244).  Venue is reviewed to determine "whether the evidence, when viewed in the

light most favorable to the Commonwealth, is sufficient to support the [trial court's] venue

findings."  Id.  "To prove venue, the Commonwealth must 'produce evidence sufficient to give

rise to a "strong presumption" that the offense was committed within the jurisdiction of the court,

and this may be accomplished by either direct or circumstantial evidence.'"  Foster-Zahid v.

Commonwealth, 23 Va. App. 430, 442, 477 S.E.2d 759, 765 (1996) (quoting Cheng, 240 Va. at

36, 393 S.E.2d at 604).  However,

> [p]roof of venue "'is not a part of the crime.'"  Randall v.
> Commonwealth, 183 Va. 182, 187, 31 S.E.2d 571, 573 (1944)
> (quoting Farewell v. Commonwealth, 167 Va. 475, 479, 189 S.E.
> 321, 323 (1937)).  Thus, the prosecution need not "prove where the
> crime occurred beyond a reasonable doubt, since venue is not a
> substantive element of a crime."  United States v. Griley, 814 F.2d
> 967, 973 (4th Cir. 1987).

Morris v. Commonwealth, 51 Va. App. 459, 469, 658 S.E.2d 708, 712-13 (2008).

---

[1] The warrant charged that appellant did "unlawfully in violation of Section § 18.2-374, Code of Virginia, knowingly prepare for the purpose of sale or distribution, or print, copy, manufacture, produce or reproduce for purposes of sale or distribution an obscene item as defined in § 18.2-373."  Appellant contends on appeal a fatal variance existed between the misdemeanor charged in the warrant and the Commonwealth's proof at trial that appellant was guilty of violating Code § 18.2-374(3).  This issue was not stated as a question presented in the petition for appeal.  "Only questions presented in the petition for appeal will be noticed by the Court of Appeals."  Rule 5A:12(c).  Because this Court did not grant appellate review of any question presented that addressed fatal variance, we will not consider this claim on appeal.  See Gregory v. Commonwealth, 46 Va. App. 683, 694, 621 S.E.2d 162, 168 (2005).

[2] We assume *arguendo* appellant's argument in the court below that the trial court lacked "jurisdiction" referred to territorial jurisdiction or venue, see Porter v. Commonwealth, 276 Va. 203, 230, 661 S.E.2d 415, 428 (2008), and, thus, appellant preserved his claim for purposes of appeal.  See Rule 5A:18.

The Commonwealth proved appellant mailed the envelope containing the obscene photographs to the WCVE office in Hampton, where Jones received it. The photographs depicted appellant in various stages of undress and were mailed together with his personal information in the envelope and an invitation for Mobley to contact him. Accordingly, the evidence was sufficient to give rise to a strong presumption that the offense was committed within the jurisdiction of the court, viz., that appellant distributed the photographs in Hampton.

For the foregoing reason, we affirm appellant's conviction.

<u>Affirmed.</u>