COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Alston and Senior Judge Willis
Argued at Richmond, Virginia


HARRY MURPHY KELSO
                                                          OPINION BY
v.        Record No. 0316-09-2                  JUDGE WILLIAM G. PETTY
                                                        AUGUST 31, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HANOVER COUNTY
J. Overton Harris, Judge

Melissa W. Friedman (Anthony F. Anderson; Anderson & Friedman,
on briefs), for appellant.

Rosemary V. Bourne, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Appellant, Harry Murphy Kelso, was convicted of three counts of causing a juvenile to

assist in the distribution of marijuana in violation of Code § 18.2-255(A)(ii).[1]  On appeal, Kelso

contends that the Hanover County Circuit Court lacked territorial jurisdiction and that Hanover

County was not the proper venue for prosecution because the offenses occurred in Henrico County.

Because Kelso failed to argue jurisdiction at trial, we conclude that the issue was waived and we

decline to reach its merits.  Further, we conclude that the evidence established a strong presumption

that the crime occurred in Hanover County and we, therefore, affirm his convictions.

---

[1] Kelso was also convicted of one count of conspiring to distribute more than five pounds
of marijuana in violation of Code §§ 18.2-256 and 18.2-248.1.  Kelso did not challenge that
conviction on appeal so we need not address it.

I. BACKGROUND

Harry Kelso repeatedly sold marijuana to M.B.[2] in Henrico County who then sold it to a police informant in Hanover County. On three separate occasions, the informant met M.B. at a gas station in Hanover County and gave him five hundred dollars. M.B. then drove to Kelso's apartment in Henrico County, purchased marijuana from Kelso, and then returned to Hanover County and delivered the marijuana to the informant. Each of these transactions was monitored by Investigator Frank Wayne of the Hanover County Sheriff's Office.

On August 8, Investigator Wayne followed M.B. and another individual from M.B.'s place of employment in Hanover County to Kelso's apartment in Henrico County. After M.B. and his companion left Kelso's apartment, the police stopped them and found 1.4 ounces of marijuana on M.B. and 2.9 ounces of marijuana on the other individual. The police executed a search warrant on Kelso's apartment and found 39.94 ounces of marijuana, two digital scales with green plant material on them, a black trash bag with 2.95 ounces of marijuana, four plastic bags with 14.48 ounces of marijuana, and eleven hundred and eighty six dollars in cash.

During the search, Kelso entered the apartment and identified himself to Investigator Wayne. Investigator Wayne read him his Miranda rights and asked him several questions about the marijuana and M.B. Kelso admitted to selling marijuana to M.B. at least once a week. The trial court convicted him of three counts of causing a juvenile to assist in the distribution of marijuana to another juvenile in violation of Code § 18.2-255(A)(ii).

---

[2] M.B. was a juvenile at the time of the offenses.

## II. ANALYSIS

Kelso argues that the Circuit Court of Hanover County had neither jurisdiction nor venue over this prosecution.[3] "Venue and jurisdiction, though sometimes confounded, are, accurately speaking, separate and distinct matters." Porter v. Commonwealth, 276 Va. 203, 230, 661 S.E.2d 415, 428 (2008). Because Kelso did not argue that the trial court lacked territorial jurisdiction, he waived that issue on appeal. Rule 5A:18; see Porter, 276 Va. at 229-30, 661 S.E.2d at 427-28 (noting that although lack of subject matter jurisdiction is not waivable under Rule 5A:18, territorial jurisdiction is waived if not timely raised). Thus, the sole issue before us is whether the evidence, when viewed in the light most favorable to the Commonwealth, established that the appropriate venue for prosecution was Hanover County.

The General Assembly has clearly provided that, "[e]xcept as otherwise provided by law, the prosecution of a criminal case shall be had in the county or city in which the offense was committed." Code § 19.2-244. However, "[p]roof of venue "'is not a part of the crime.'"" Morris v. Commonwealth, 51 Va. App. 459, 469, 658 S.E.2d 708, 712 (2008) (quoting Randall v. Commonwealth, 183 Va. 182, 187, 31 S.E.2d 571, 573 (1944)). Thus, "the prosecution need not 'prove where the crime occurred beyond a reasonable doubt, since venue is not a substantive element of a crime.'"[4] Id. at 469, 658 S.E.2d at 712-13 (quoting United States v. Griley, 814

---

[3] Kelso does not distinguish what species of jurisdiction the Circuit Court of Hanover County lacked. Clearly, the trial court had subject matter jurisdiction over these offenses. Code § 17.1-513. Accordingly, we will assume that in using the term "jurisdiction" Kelso is referring to territorial jurisdiction, "that is, authority over . . . occurrences located in a defined geographical area . . . .." Porter v. Commonwealth, 276 Va. 203, 228, 661 S.E.2d 415, 426 (2008) (citing Farant Inv. Corp. v. Francis, 138 Va. 417, 427-28, 122 S.E. 141, 144 (1924)). Territorial jurisdiction, set out in Code § 19.2-239, authorizes "the court to adjudicate among the parties at a particular place . . . ." Id. at 230, 661 S.E.2d at 428. Any defect in territorial jurisdiction is waived unless the appellant timely objects to such defect in the trial court. Id. at 228, 661 S.E.2d at 426-27.

[4] This is why want of venue is properly raised, as was done here, by a motion to dismiss the indictment rather than a challenge to the sufficiency of the evidence.

F.2d 967, 973 (4th Cir. 1987)). Rather, the Commonwealth need only "produce evidence sufficient to give rise to a 'strong presumption' that the offense was committed within the jurisdiction of the court, and this may be accomplished by either direct or circumstantial evidence." Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990) (quoting Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980)).

Kelso was charged with one count of conspiracy to sell more than five pounds of marijuana and three counts of causing a juvenile to assist in the distribution of marijuana. He concedes that venue was proper for the charge of conspiracy, but contends that venue was improper for the other three charges under Code § 18.2-255(A)(ii). Kelso argues that because he distributed the marijuana to M.B. in Henrico County, venue is improper in Hanover County. He contends that the distribution of drugs is not a continuing offense, see Moreno v. Baskerville, 249 Va. 16, 19-20, 452 S.E.2d 653, 655 (1995), and, as a result, Code § 18.2-255(A)(ii) is not a continuing offense. Thus, he concludes that once the distribution was completed in Henrico, the crime was completed there also. We disagree.

"Venue depends on the 'nature of the crime alleged and the location of the act or acts constituting it.'" Morris, 51 Va. App. at 464, 658 S.E.2d at 711 (quoting United States v. Anderson, 328 U.S. 699, 703 (1946)). "For most crimes, venue is proper in the jurisdiction where *all* the elements of the completed crime were committed." Gheorghiu v. Commonwealth, 54 Va. App. 645, 655, 682 S.E.2d 50, 55 (2009) (emphasis in original) (citing Green v. Commonwealth, 32 Va. App. 438, 448, 528 S.E.2d 187, 192 (2000) (finding the Commonwealth must generally establish venue with evidence that supports a strong presumption that all elements of the offense occurred within the selected venue)). However, if the offense is a continuing one, and "'an act or series of acts runs through several jurisdictions, the offense is committed and cognizable in each.'" Morris, 51 Va. App. at 467, 658 S.E.2d at 712 (quoting Thomas v. Commonwealth, 38 Va. App.

319, 324, 563 S.E.2d 406, 409 (2002)).  A crime is considered a continuing offense if it is "'a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy.'"  Id. (quoting Thomas, 38 Va. App. at 324, 563 S.E.2d at 409).

Code § 18.2-255(A) provides that "it shall be unlawful for any person who is at least 18 years of age to knowingly and intentionally (i) distribute . . . marijuana to any person under 18 years of age who is at least three years his junior, or (ii) cause any person under 18 years of age to assist in such distribution of . . . marijuana."  Kelso was indicted and convicted under part (ii) of subsection (A).  Before we can determine where the unlawful acts occurred, we must discern the elements of the crime.

"Under principles of statutory construction, we must consider the ordinary and plain meaning of statutory terms."  Winborne v. Virginia State Lottery, 278 Va. 142, 148, 677 S.E.2d 304, 306 (2009).  When interpreting a statute, our objective is to interpret the statute "in accordance with the intent of the legislature."  Id. (citing Virginia Cellular LLC v. Virginia Dep't of Taxation, 276 Va. 486, 490, 666 S.E.2d 374, 376 (2008)).  We typically deduce the intent of the legislature "from the words contained in the statute."  Baker v. Commonwealth, 278 Va. 656, 660, 685 S.E.2d 661, 663 (2009) (quoting Elliot v. Commonwealth, 277 Va. 457, 463, 675 S.E.2d 178, 182 (2009)).  In doing so, we must give "proper grammatical effect . . . to the arrangement of words in a sentence of a statute," Harris v. Commonwealth, 142 Va. 620, 624, 128 S.E. 578, 579 (1925), and we must presume that the General Assembly understood basic rules of grammar when drafting the statute, Frere v. Commonwealth, 19 Va. App. 460, 464, 452 S.E.2d 682, 685 (1995).  "Additionally, '[i]n accordance with principles of statutory construction of penal statutes, a court must not add to the words of the statute nor ignore the words of the statute and must strictly construe the statute and limit its application to cases falling clearly within the statute.'"  Baker, 278 Va. at 660-61, 685

- 5 -

S.E.2d at 663 (quoting Farrakhan v. Commonwealth, 273 Va. 177, 181-82, 639 S.E.2d 227, 230 (2007)). The intent of Code § 18.2-255(A)(ii) is to prevent adult drug dealers from using a juvenile to assist in the sale or distribution of marijuana. It begins by limiting the characteristics of the offender to those persons who are over eighteen years of age. It then describes the requisite intent as "knowingly and intentionally." And lastly, the statute describes the illegal act as "caus[ing] [a juvenile] to assist in [the] distribution of . . . marijuana."[5] This language clearly envisions three distinct individuals involved in a drug transaction: the adult offender, the juvenile assistant, and the purchaser. The operative verb describing the illegal act is "cause." The verb "cause" is defined as "[t]o bring about or effect." Black's Law Dictionary 251 (9th ed. 2009). The indirect object of the verb, or in other words, the recipient of the subject's action, is the juvenile assistant, and the direct object is "to assist in such distribution of . . . marijuana" to the purchaser. According to the terms used by the General Assembly, the gravamen of the offense is *causing* the juvenile assistant to play some role in the distribution of marijuana to another. Thus, by providing a more lengthy

---

[5] Kelso argues on appeal that the phrase "such distribution" in Code § 18.2-255(A)(ii) refers back to Code § 18.2-255(A)(i) and, therefore, requires that the marijuana be sold to another juvenile who is three or more years younger than the offender. He argues that the evidence was insufficient to convict him because the Commonwealth failed to establish the age of the informant. He further argues that because there was no evidence of the age of the informant, an element of the offense essential to establishing the proper venue for prosecution is lacking. However, Kelso never raised any argument at trial regarding the lack of proof of the informant's age. Therefore, that argument, whether couched as one of sufficiency or one of venue, has been waived. Rule 5A:18. Further, because the record does not affirmatively establish the age of the informant, it does not affirmatively establish error and we cannot invoke the ends of justice exception to Rule 5A:18. Mohamed v. Commonwealth, 56 Va. App. 95, 102, 691 S.E.2d 513, 516 (2010) (stating that "the [ends of justice] exception is only invoked in narrow circumstances when '[t]he record . . . affirmatively show[s] that a miscarriage of justice has occurred, not that a miscarriage might have occurred.'" (quoting Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997))); accord Brittle v. Commonwealth, 54 Va. App. 505, 514, 680 S.E.2d 335, 340 (2009) (stating that "[w]e cannot consider the merits of every improperly preserved sufficiency of the evidence appeal unless there is some reason beyond mere insufficiency that invokes the ends of justice exception. Any other rule would obliterate our rules requiring a motion to strike." (internal citations omitted)). Because Kelso's argument is not properly before us in this appeal, we must leave it for another day.

punishment for the use of juveniles by drug dealers in a drug transaction, the statute attempts to discourage drug dealers from targeting minors as both patrons and personnel.

This language is markedly different than Code § 18.2-248.1 which makes it unlawful for any person to "sell, give, distribute or possess with intent to sell, give or distribute marijuana."[6] The operative verbs in that statute are "sell, give, distribute or possess . . . ." The sale, gift, or distribution of marijuana is a discrete act that occurs at a single moment in time. In contrast, possession and possession with the intent to distribute are continuous acts that occur over time, and possibly throughout more than one jurisdiction. Morris, 51 Va. App. at 467, 658 S.E.2d at 712.

> "A continuing offense is a continuous, unlawful act or series of acts set on foot by a singe impulse and operated by an unintermittent force, however long a time it may occupy. Where such an act or series of acts runs through several jurisdictions, the offense is committed and cognizable in each."

Id. (quoting Thomas, 38 Va. App. at 324, 563 S.E.2d at 409).

Many crimes are continuing offenses, meaning that various elements of the offense may be committed in different jurisdictions. For instance, the offense of simple distribution of marijuana proscribed by Code § 18.2-248.1, coupled with Code § 18.2-256's proscription against conspiring to commit a drug crime constitutes the continuing offense of conspiracy to distribute marijuana. Zuniga v. Commonwealth, 7 Va. App. 523, 532, 375 S.E.2d 381, 387 (1988). While the object of the conspiracy may be the distribution of marijuana, "[e]ach member of a conspiracy is responsible for the acts of others in furtherance of the conspiracy, and all conspirators, even those without knowledge of the particular act, may be tried where any of those acts are performed." Brown v. Commonwealth, 10 Va. App. 73, 81, 390 S.E.2d 386, 390 (1990)

---

[6] Kelso argued that the crime of distribution is a discrete act and not a continuous one. He argues that Code § 18.2-255 "is a drug distribution statute which provides enhanced penalties for some distributions where certain juveniles are involved." As explained below, we disagree.

(citing Henry v. Commonwealth, 2 Va. App. 194, 198, 342 S.E.2d 655, 657 (1986)).  Even though the distribution itself may occur in one venue, prosecution may be proper in another venue because conspiracy is a continuing offense.  Id. (citing Short v. United States, 91 F.2d 614, 621 (4th Cir. 1937)).

Code § 18.2-255 requires proof of four elements:  (1) the defendant, who is over eighteen years of age, (2) caused (3) a person who is under eighteen years of age, (4) to assist in the distribution of marijuana to another.  If the gravamen of the offense is *causing* a juvenile to assist in the distribution of marijuana to another, then illegal conduct is not the distribution itself.  Rather, the illegal conduct is *causing* that juvenile to assist in such distribution.  The adult offender is not criminally culpable for the juvenile assistant's discrete act of distribution.  Rather, he is criminally culpable for setting that distribution in motion.  *Causing* another to do something illegal is "'a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force . . . .'"  Morris, 51 Va. App. at 467, 658 S.E.2d at 712 (citation omitted).  Because Code § 18.2-255(A)(ii) is a continuing offense, venue may be proper in more than one place.

Here, the evidence clearly established that Kelso and M.B. had conspired together to distribute marijuana.[7]  Kelso, knowing that M.B. was a juvenile, gave him large amounts of marijuana in exchange for money.  While this occurred in Henrico County, M.B. went to Hanover County to distribute the marijuana on each of the three specific occasions charged in the indictments.  M.B. would first meet with the potential purchaser in Hanover County, collect the purchase money, travel to Henrico County, give the purchase money to Kelso, collect the marijuana from Kelso, and travel back to Hanover County to deliver the marijuana to the

_____

[7] Kelso does not challenge his conviction for conspiracy to distribute under Code §§ 18.2-248.1 and 18.2-256 for sufficiency or for improper venue.

purchaser. This happened several times. In order to prove a violation of Code § 18.2-255(A)(ii) the Commonwealth must prove that Kelso caused M.B. to assist in the distribution of marijuana to another. M.B. assisted in the distribution of marijuana by arranging a meeting with a purchaser in Hanover County, by collecting money for the drugs in Hanover County, and by delivering the drugs to the purchaser in Hanover County. These acts, which establish an essential element of the offense, took place in Hanover County and not Henrico County. Because Code § 18.2-255(A)(ii) is a continuing offense, venue is proper where any element of the crime occurred. Thus, we hold that the evidence was sufficient to create a strong presumption that the offenses were committed in Hanover County.

### III. CONCLUSION

For the reasons stated above, venue was proper in Hanover County and we affirm Kelso's convictions.

Affirmed.