COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Beales
Argued at Chesapeake, Virginia


ROBERT CHARLES BOSTIC

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0190-10-1                CHIEF JUDGE WALTER S. FELTON, JR.
                                                       FEBRUARY 8, 2011
CITY OF VIRGINIA BEACH


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                              A. Bonwill Shockley, Judge

             Stephen P. Pfeiffer (Samuel W. Meekins; Regina F. Amick; Wolcott,
             Rivers, Gates, P.C., on brief), for appellant.

             (Harvey L. Bryant, Commonwealth's Attorney; Edwin S. Booth,
             Senior Assistant Commonwealth's Attorney, on brief), for appellee.


        Robert Charles Bostic ("appellant") was convicted of assault and battery in violation of

Virginia Beach City Code § 23-11[1] in the General District Court of the City of Virginia Beach.

He appealed that conviction to the Circuit Court of the City of Virginia Beach ("trial court") for

trial *de novo*.  The trial court also convicted appellant of that offense.  On appeal, appellant

contends the trial court erred in finding that it had authority to convict him of assault and battery

in violation of Virginia Beach City Code § 23-11 because the offense occurred in the

Chesapeake Bay forty yards from the Virginia Beach shoreline and not in the City of Virginia

Beach.  For the following reasons, we affirm the judgment of the trial court.

---

            [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

            [1] Virginia Beach City Code § 23-11, adopted pursuant to Virginia Code § 15.2-1102,
parallels Virginia Code § 18.2-57 and provides, in pertinent part, "Any person who shall commit a
simple assault or assault and battery upon another person shall be guilty of a Class 1 misdemeanor
. . . ."

BACKGROUND

"The judgment of the trial court is presumed to be correct and will be reversed only upon a showing that it is 'plainly wrong or without evidence to support it.'" Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-680).

The record on appeal includes a statement of facts agreed to by the parties and approved by the trial court pursuant to Rule 5A:8, in lieu of a transcript of the trial court proceedings.

> Although the principal facts are not in dispute, under the well-established standard for analyzing a challenge to the sufficiency of the evidence in a criminal case, we review those facts in the light most favorable to the Commonwealth, drawing all reasonable inferences in the Commonwealth's favor as the prevailing party at trial.

Pruitt v. Commonwealth, 274 Va. 382, 384, 650 S.E.2d 684, 684 (2007) (citing Viney, 269 Va. at 299, 609 S.E.2d at 28).

So viewed, the evidence proved that on June 25, 2009 appellant assaulted and battered the victim while the victim was exercising his daughter's dog on a sandbar in the Chesapeake Bay "approximately forty yards from the water line" of the Virginia Beach shore. These events occurred when the "tide was coming in," and within view of several witnesses, all of whom observed appellant attack the victim from their various locations along the Virginia Beach shoreline. Appellant was thereafter convicted of assault and battery in the General District Court of the City of Virginia Beach for a violation of Virginia Beach City Code § 23-11. He appealed that conviction to the Circuit Court of the City of Virginia Beach pursuant to Code § 16.1-136 for trial *de novo*.

ANALYSIS

Appellant conceded at oral argument before this Court that the evidence presented at trial was sufficient to prove that he committed an assault and battery. However, he contends the trial court erred in finding that it had jurisdiction to convict him of assault and battery in violation of

- 2 -

Virginia Beach City Code § 23-11 for an incident that occurred in the Chesapeake Bay forty yards from the Virginia Beach shoreline.[2] He contends the trial court erred in finding that the prosecutor proved that venue was proper in the City of Virginia Beach. Stated differently, appellant asserts that the assault and battery was not committed within the territorial boundaries of the City of Virginia Beach.

"When venue is challenged on appeal, we determine 'whether the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to support the [trial court's] venue findings.'" Morris v. Commonwealth, 51 Va. App. 459, 464-65, 658 S.E.2d 708, 710-11 (2008) (alteration in original) (quoting Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990)).

> The General Assembly has clearly provided that, "[e]xcept as
> otherwise provided by law, the prosecution of a criminal case shall
> be had in the county or city in which the offense was committed."
> Code § 19.2-244. However, "[p]roof of venue '"is not a part of the
> crime."'" Morris, 51 Va. App. at 469, 658 S.E.2d at 712 (quoting
> Randall v. Commonwealth, 183 Va. 182, 187, 31 S.E.2d 571, 573
> (1944)). Thus, "the prosecution need not 'prove where the crime
> occurred beyond a reasonable doubt, since venue is not a
> substantive element of a crime.'" Id. at 469, 658 S.E.2d at 712-13
> (quoting United States v. Griley, 814 F.2d 967, 973 (4th Cir.
> 1987)). Rather, the Commonwealth need only "produce evidence
> sufficient to give rise to a 'strong presumption' that the offense
> was committed within the jurisdiction of the court, and this may be

---

[2] When a court is not vested with subject matter jurisdiction, its judgment is void and its lack of subject matter jurisdiction can be raised at any time. Virginian-Pilot Media Cos., LLC v. Dow Jones & Co., 280 Va. 464, 469-70, 698 S.E.2d 900, 903 (2010). Subject matter jurisdiction over appeals of criminal convictions by district courts is granted to circuit courts pursuant to Code §§ 16.1-136 and 17.1-513.

Code § 17.1-516 provides,

> Where any river, watercourse, or bay lies between any counties or
> any cities, or any county and city in this Commonwealth, the
> circuit courts for the counties and the cities, on each side,
> respectively, shall have concurrent territorial jurisdiction over so
> much thereof as shall be opposite to such counties and cities.

See also Code § 16.1-69.29.

accomplished by either direct or circumstantial evidence." Cheng, 240 Va. at 36, 393 S.E.2d at 604 (quoting Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980)).

Kelso v. Commonwealth, 57 Va. App. 30, 36, 698 S.E.2d 263, 265-66 (2010) (alterations in original) (footnote omitted).

It is well settled that "'the police power jurisdiction of municipal corporations, in the absence of express provisions of statute to the contrary is limited by the territorial boundaries of the municipalities. A police ordinance consequently cannot prohibit the doing of an act outside such boundaries.'" Murray v. Roanoke, 192 Va. 321, 325, 64 S.E.2d 804, 807 (1951) (quoting 37 Am. Jur. Municipal Corporations § 284 (1941)); see also Code § 15.2-1102.

At trial, the prosecutor "argued that Va. Code § 15.2-32.10 [sic] and Virginia Beach City Code § 6-16.1 provided jurisdiction at least within one hundred yards of the shoreline."[3]

The statement of facts contains only appellant's assertion to the trial court that it lacked jurisdiction and venue. It simply relates that:

> Defendant made Motions to Strike on the grounds that the City had not proved that it had jurisdiction to issue the charges for events occurring in the Chesapeake Bay and that the Circuit Court of the City of Virginia Beach did not have venue nor jurisdiction for the prosecution of this offense based upon the location of the offense and the charge under the City Code.

---

[3] Code § 15.2-32.10 does not exist. Code § 15.2-3210 applies to the boundary of land bordering waters that a locality has acquired by annexation. The City of Virginia Beach was formed by a consolidation of the City of Virginia Beach and Princess Anne County in 1963, not by annexation. See 1962 Va. Acts ch. 147.

Virginia Beach City Code § 6-16.1 governs swimming and boating within 100 yards of the shoreline and was adopted pursuant to legislation enacted by the General Assembly authorizing localities to adopt ordinances for the purpose of "regulating the operation of vessels on any waters within its territorial limits, including the marginal adjacent ocean, *and the conduct and activity of any person using such waters*." Code § 29.1-744(C) (emphasis added).

The statement of facts further relates that, "[a]t the conclusion of the argument, the Court determined that jurisdiction and venue were proper in this case and that it was properly prosecuted in the Circuit Court of the City of Virginia Beach under the Virginia Beach City Code."

We are "'limited to the record on appeal'" in determining whether the trial court erred in convicting appellant. Wolfe v. Commonwealth, 6 Va. App. 640, 643, 371 S.E.2d 314, 315 (1988) (quoting Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986)). "A circuit court's judgment is presumptively correct, and the appellant bears the burden of presenting a sufficient record to permit a determination whether the circuit court committed an alleged error." Commonwealth Transp. Comm'r v. Target Corp., 274 Va. 341, 348, 650 S.E.2d 92, 96 (2007).

On appeal, appellant asserts that the Virginia Beach city limits end at the mean low-water mark of the Chesapeake Bay from the shoreline of that city and that as a result the assault and battery at issue here did not occur within the territorial boundary of the City of Virginia Beach. The statement of facts, however, does not contain any factual finding of where the mean low-water mark of the Chesapeake Bay from the Virginia Beach shoreline is located. On the other hand, the statement of facts shows that the trial court found that the assault and battery occurred forty yards from the shoreline within the territorial limits of the City of Virginia Beach.

Accordingly, from the record presented we conclude that the trial court did not err in convicting appellant of assault and battery of the victim within the City of Virginia Beach in violation of Virginia Beach City Code § 23-11.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.