COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges AtLee and Friedman

CHRISTOPHER J. MARTIN

v.     Record No. 0334-22-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JANUARY 24, 2023

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa B. Kemler, Judge

(Christopher J. Martin, on briefs), *pro se*.

(Jason S. Miyares, Attorney General; Lindsay M. Brooker, Assistant
Attorney General, on brief), for appellee.

Christopher J. Martin appeals the trial court's denial of his two motions to vacate his 2006

convictions for first-degree murder, attempted robbery, and felonious use of a firearm. The

appellant contends that the trial court erred in denying his motions to vacate pursuant to Code

§ 8.01-428(D) because the convictions were obtained by fraud. We hold that the appeal is wholly

without merit.[1] Accordingly, we affirm the trial court's ruling.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] After examining the briefs and record in this case, the panel unanimously agrees that because "the appeal is wholly without merit," oral argument is unnecessary. Therefore, we dispense with oral argument in accordance with Code § 17.1-403(ii)(a) and Rule 5A:27(a).

BACKGROUND[2]

On November 18, 2021, the appellant filed a motion styled: "Vacate Void Judgment

Pursuant to Va. Code § 8.01-428(d)." On January 6, 2022, the appellant filed a "Motion to Grant

Motion to Vacate," asking the trial court to vacate his 2006 convictions and sentences under Code

§ 8.01-428(D).[3] In his motions, the appellant contended that the trial court erred in finding him

guilty of attempted robbery, arguing that it was not a lesser-included offense of robbery, the crime

for which he was indicted. He maintained that therefore his conviction for attempted robbery was

void. The appellant claimed that his first-degree murder conviction "was predicated on the

commission of another felony" and, presumably, the murder conviction was improper because he

was unlawfully convicted of attempted robbery. He also suggested that the trial court lacked subject

matter jurisdiction over the offenses which, he claimed, occurred in Maryland.[4]

By orders of January 18 and 19, 2022, the trial court denied the appellant's motions and

dismissed them with prejudice.

---

[2] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

[3] The appellant's direct appeal of his convictions to this Court was affirmed on April 22, 2008. *See Martin v. Commonwealth*, No. 0035-07-4 (Va. Ct. App. April 22, 2008). The appellant's request for rehearing was denied on June 5, 2008. The Supreme Court of Virginia denied the appellant's appeal on December 12, 2008. *Martin v. Commonwealth*, No. 081279 (Va. Dec. 12, 2008). The appellant subsequently filed three actions in this Court, two of which were transferred to the Supreme Court of Virginia and one of which was dismissed by this Court. *Martin v. Commonwealth*, No. 0742-14-4 (Va. Ct. App. May 2, 2014); No. 2130-14-4 (Va. Ct. App. Dec. 5, 2014); No. 1992-15-4 (Va. Ct. App. Jan. 14, 2016). The Supreme Court of Virginia procedurally dismissed three of the appellant's actions. No. 140922 (Va. Sept. 22, 2014); No. 141146 (Va. Sept. 22, 2014); No. 141564 (Va. July 31, 2015).

[4] The appellant makes additional arguments in his "Amended Petition to Appeal." However, these arguments are not included in his assignments of error. Consequently, we decline to address them. *See* Rule 5A:20(c)(1) ("Only assignments of error listed in the brief will be noticed by this Court.").

ANALYSIS

The appellant contends that the trial court erred in denying his motions to vacate without addressing his challenge to his murder conviction as predicated on attempted robbery, which he argues is not a lesser-included offense of robbery. He further alleges that the trial court lacked subject matter jurisdiction because the record showed that the charged "crimes and incidents occurred in the state of Maryland." The Commonwealth argues that the trial court did not err in denying the appellant's motions to vacate because he failed to invoke an exception to Rule 1:1(a).

"The applicability of Rule 1:1 presents a question of law we review [de novo]." *Martinez v. Commonwealth*, 71 Va. App. 318, 326 (2019). Rule 1:1(a) provides that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for [21] days after the date of entry, and no longer." "The running of the [21]-day period commences with the entry of the final order and 'may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order.'" *Minor v. Commonwealth*, 66 Va. App. 728, 739 (2016) (quoting *James v. James*, 263 Va. 474, 482 (2002)). "Unless a court vacates or suspends a final order during the [21]-day period or some other exception to the general rule applies, the court loses jurisdiction over the case and any action taken by the trial court after the [21]-day period has run is a nullity." *Id*. at 739-40 (citing *James*, 263 Va. at 483). However, there are certain very limited exceptions to the rule.

As an exception to Rule 1:1, a trial court may "entertain at any time an independent action to relieve a party from any judgment or proceeding . . . or to set aside a judgment or decree for fraud upon the court." Code § 8.01-428(D). "Extrinsic fraud is fraud which occurs outside the judicial process and 'consists of conduct which prevents a fair submission of the controversy to the

court'" and renders the results of the proceedings null and void. *F.E. v. G.F.M.*, 35 Va. App. 648, 659-60 (2001) (en banc) (quoting *Peet v. Peet*, 16 Va. App. 323, 327 (1993)). "The charge of fraud is one easily made, and the burden is upon the party alleging it to establish its existence, not by doubtful and inconclusive evidence, but clearly and conclusively. Fraud cannot be presumed." *Aviles v. Aviles*, 14 Va. App. 360, 366 (1992) (quoting *Redwood v. Rogers*, 105 Va. 155, 158 (1906)). The burden on the party charging it is high. The party alleging fraud must prove: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Batrouny v. Batrouny*, 13 Va. App. 441, 443 (1991) (quoting *Winn v. Aleda Constr. Co., Inc.*, 227 Va. 304, 308 (1984)).

The trial court entered the final sentencing order on December 15, 2006. The appellant filed his present motions to vacate in 2021 and 2022, long after his 2006 convictions became final and well beyond the expiration of 21 days. *See* Rule 1:1(a). He appears to invoke the extrinsic fraud exception in Code § 8.01-428(D), which permits a trial court to consider a motion to vacate convictions based on fraud upon the court. However, the appellant makes only legal arguments in challenging his convictions, not facts or circumstances to demonstrate that the convictions were obtained through fraud. *See Jones v. Commonwealth*, 293 Va. 29, 53 (2017) ("Virginia law does not permit a motion to vacate that is filed in a trial court long after the court lost active jurisdiction over the criminal case to serve as an all-purpose pleading for collateral review of criminal convictions."). Thus, the appellant has failed to establish that the exception to Rule 1:1(a) found in Code § 8.01-428(D) should apply.

The appellant also alleges that the trial court lacked subject matter jurisdiction to convict him because, he claims, the offenses occurred in Maryland. "The term jurisdiction embraces several concepts including subject matter jurisdiction, which is the authority granted through

- 4 -

constitution or statute to adjudicate a class of cases or controversies" and "territorial jurisdiction, that is, authority over persons, things, or occurrences located in a defined geographic area." *Morrison v. Bestler*, 239 Va. 166, 169 (1990). "[T]here is a significant difference between subject matter jurisdiction and the other 'jurisdictional' elements [such as territorial jurisdiction]. Subject matter jurisdiction alone cannot be waived or conferred on the court by agreement of the parties." *Id.* at 169-70. "In contrast, defects in the other jurisdictional elements generally will be considered waived unless raised in the pleadings filed with the trial court and properly preserved on appeal." *Id.* at 170; *see also Kelso v. Commonwealth*, 57 Va. App. 30, 35 (2010) (finding that where the defendant did not argue that the trial court lacked territorial jurisdiction, he waived the issue on appeal).

The appellant's argument amounts to nothing more than a challenge to the trial court's territorial jurisdiction based upon his claim, albeit meritless, that the crimes occurred in Maryland.[5] He failed to raise this issue in the trial court and upon direct appeal of his convictions. Consequently, by operation of Rule 1:1(a), he waived this argument, and we do not consider it.[6]

CONCLUSION

The trial court did not err by denying the appellant's motions to vacate his 2006 convictions. Accordingly, the trial court's judgment is affirmed.

*Affirmed.*

---

[5] On direct appeal of the appellant's convictions, this Court found that the evidence proved the victim "was discovered dead in his personal car, which was parked with its engine running in front of an apartment complex in Alexandria, Virginia. The cause of [the victim's] death was a gunshot wound to his head." *Martin*, No. 0035-07-4, slip op. at 2.

[6] The Court notes that on July 28, 2022, it issued an order denying the Commonwealth's motion to dismiss the appeal, although the amended opening brief and appendix were not timely filed in this case. To date, no appendix has been filed. *See* Rule 5A:25.