UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Causey and Friedman
Argued at Norfolk, Virginia


SHAKIR HOLLEY

MEMORANDUM OPINION* BY
v.      Record No. 0178-22-1        JUDGE DORIS HENDERSON CAUSEY
JUNE 6, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Michelle J. Atkins, Judge

Trevor Jared Robinson for appellant.

Leanna C. Minix, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Shakir Holley was convicted in a jury trial of possession of a firearm by a convicted

violent felon. On appeal, Holley argues that the trial court erred in denying his motion to strike

because the evidence was insufficient to support his conviction. For the following reasons, we

disagree and affirm the conviction.

BACKGROUND[1]

In the early morning of one day in July 2020, a City of Norfolk police officer responded

to a call regarding a parking violation. When the officer arrived on the scene, he found a vehicle

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

[1] On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Therefore, we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

partially blocking a road. The car's engine was running, and the headlights were on. The officer approached the vehicle and found Holley asleep in the driver's seat with a loaded handgun in his lap. Holley was the only person in the car, and there were no other individuals in the immediate area.

The officer returned to his vehicle and requested support from other police units. Holley awoke as the officers approached the vehicle; he complied with their requests and was detained for investigation after he exited the vehicle. Holley initially did not respond when asked if the handgun was his, but eventually told the officers that he had found it "out here," indicating the immediate area.

After learning Holley's identity, the police officer determined that Holley had two previous felony convictions and arrested him for possessing the firearm. The encounter was recorded on the officer's body camera, and a portion of the video was played at trial.

The Virginia Department of Forensic Science ("Department") examined the firearm, a nine-millimeter semi-automatic pistol. The Commonwealth introduced a "Certificate of Analysis" prepared by the Department into evidence. The certificate of analysis contained the Department's finding that the firearm was "found to be in mechanical operating condition and test fired using the . . . magazine" that was with it.[2] The firearm was not examined for fingerprints or DNA. The Commonwealth showed the firearm to the jury and introduced a photo of it into evidence. The Commonwealth also introduced into evidence Holley's previous convictions for attempted robbery and possession of a firearm by a non-violent felon.

Holley appeared *pro se* at trial, with standby counsel. At the conclusion of the Commonwealth's case, Holley moved to strike the Commonwealth's evidence, arguing, in

---

[2] "'Firearm' means any handgun, shotgun, or rifle that will or is designed to or may readily be converted to expel single or multiple projectiles by action of an explosion of a combustible material." Code § 18.2-308.2:2.

relevant part, that the jury should find him not guilty "because there is simply no evidence." The trial court denied the motion. Holley chose not to present any evidence and rested his case. After closing arguments and deliberations, the jury convicted Holley of possession of a firearm by a convicted violent felon. This appeal follows.

ANALYSIS

Holley asserts that the Commonwealth did not present sufficient evidence to establish the possession component of Code § 18.2-308.2.[3] Holley argues that "he merely occupied a vehicle in which a firearm was located, and that no testimony or evidence was presented with regard to the ownership of said vehicle." Holley also argues that he could not have knowledge of the presence and character of the firearm, nor could it have been subject to his dominion or control, because he was "unconscious"[4] when the officer found him.

"On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). The Court "does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Commonwealth v. Cady*, 300 Va. 325, 329 (2021) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). Instead, we ask "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676

---

[3] The Commonwealth contends that Holley has not preserved his claim for appeal because he did not argue at trial that there was no evidence that he possessed the firearm. However, at trial, Holley cited the lack of fingerprints and DNA evidence and argued the jury would not find him guilty "because there is simply no evidence." We assume without deciding that Holley preserved his sufficiency claim.

[4] At trial, Holley said he had been "sleeping." The officer also referred to Holley "sleeping" in the vehicle.

(2010)).  "[A] jury's verdict should not be disturbed on appeal unless the verdict was plainly wrong or without evidence to support it."  *Stevens v. Commonwealth*, 272 Va. 481, 487 (2006).  "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'"  *Eberhardt v. Commonwealth*, 74 Va. App. 23, 31 (2021) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

It is "unlawful for . . . any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm or ammunition for a firearm."  Code § 18.2-308.2.  To prove possession, whether actual or constructive, the Commonwealth must establish that "the defendant intentionally and consciously possessed the [firearm] with knowledge of its nature and character."  *Morris v. Commonwealth*, 51 Va. App. 459, 465-66 (2008).  "[P]roof of 'actual' possession of a firearm . . . may be established by circumstantial evidence, direct evidence, or both."  *Byers v. Commonwealth*, 23 Va. App. 146, 150 (1996) (citing *Yarborough v. Commonwealth*, 247 Va. 215, 216-19 (1994)).

Actual possession is defined as the "physical occupancy or control over property." *Brown v. Commonwealth*, 37 Va. App. 507, 521 (2002) (quoting *Actual Possession*, *Black's Law Dictionary* (7th ed. 1999)).  "Physical possession giving the defendant 'immediate and exclusive control' is sufficient" to establish actual possession.  *Hunley v. Commonwealth*, 30 Va. App. 556, 562 (1999) (quoting *Ritter v. Commonwealth*, 210 Va. 732, 741 (1970)).  "A suspect's actual, physical possession of [a firearm] permits the inference that he or she knowingly possessed [it] aware of [its] illegal nature and character."  *Morris*, 51 Va. App. at 466.

The Commonwealth presented sufficient evidence to support beyond a reasonable doubt that Holley had actual possession of the firearm.  When the officer approached Holley's vehicle, the officer found Holley asleep with the firearm in his lap.  The location of the firearm in

Holley's lap put the firearm in Holley's immediate and exclusive control. Thus, we hold that this evidence sufficiently established that Holley had actual possession of the firearm. Holley's actual possession of the firearm also permitted the inference that he was aware of the firearm's illegal nature and character. In addition, Holley did not express any surprise about the officers discovering the handgun and told the officer that he had found the firearm in the immediate area. Thus, we hold that the evidence sufficiently established that Holley was aware of the presence and character of the firearm.

CONCLUSION

For these reasons we hold that the evidence was sufficient to establish that Holley actually possessed the firearm with knowledge of its nature and character. Accordingly, we affirm the judgment of the trial court.

*Affirmed*.