PRESENT:  All the Justices

ROGER WINBORNE, ET AL.

OPINION BY
v.          Record No.  081477      JUSTICE S. BERNARD GOODWYN
June 4, 2009
VIRGINIA LOTTERY, ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge

In this case, we consider whether the Virginia Lottery offers a program, service, or activity within the meaning of the Virginians with Disabilities Act, Code § 51.5-1 et seq. ("VDA") and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (2006) ("ADA"), and whether the Virginia Lottery has an obligation to disabled persons under the VDA and ADA.

Roger Winborne, Gregg Morrell, Charles Holliday, and John Dehaven (collectively "the Petitioners") filed suit in the Circuit Court of the City of Richmond against the Virginia Lottery and the Director of the Virginia Lottery (collectively "the Director"), seeking a declaratory judgment and injunctive relief.  The circuit court held a hearing on cross motions for partial summary judgment and granted the Director's motion. Upon request of counsel, the circuit court entered final judgment in favor of the Director.  The Petitioners appeal.

## FACTS

The Virginia Lottery was established to produce revenue to be used for public purposes. Code § 58.1-4001. The state lottery department is an independent agency of the Commonwealth. Code § 58.1-4003. The Virginia Lottery sells tickets, shares, and other products ("lottery tickets") to raise revenue. Code § 58.1-4001; Code § 58.1-4009. The Virginia Lottery is authorized to license lottery sales agents who are authorized to sell lottery tickets. Code § 58.1-4009.

In their petition in chancery, the Petitioners sought a declaratory judgment and injunctive relief, alleging that the Director had violated the VDA and ADA because certain lottery sales agents ("lottery retailers") lack accessible parking spaces, ramps, and paths of travel for disabled persons.

The Petitioners identified sixteen of the Virginia Lottery's retailers and alleged that they have been denied access to lottery tickets because those retailers are inaccessible to them. The Petitioners, who use wheelchairs, claim that those sixteen retailers lack accommodations necessary for the Petitioners to enter those lottery retailers' businesses to purchase lottery tickets. The Petitioners contend that state and federal laws require the Virginia Lottery to ensure that they can access the premises of lottery retailers at which tickets are sold.

2

The Petitioners filed a motion for partial summary judgment. In the motion, the Petitioners requested the court to hold that the Virginia Lottery had a legal obligation to ensure that the Petitioners were able to access lottery tickets at the premises of lottery retailers. The Petitioners stated that there were no material issues of fact regarding their request for partial summary judgment.

Thereafter, the Director filed a motion for partial summary judgment requesting the court to hold the following:

1. The Virginia Lottery does not offer a program, service, or activity within the meaning of the ADA or VDA;
2. The Virginia Lottery and its executive director are without power to make physical changes to retailers' premises, control those retailers' day-to-day operations, or specify the manner in which any retailer expends its percentage of compensation from lottery ticket and game card sales;
3. Under Bacon v. City of Richmond, 475 F.3d 633 (4th Cir. 2007), the Virginia Lottery and its executive director are not liable for the alleged claims of disability discrimination against the Petitioners; and
4. Pursuant to Bacon, injunctive relief may not issue against the Virginia Lottery and its executive director because they played no part in the alleged disability discrimination against Petitioners.

The circuit court, after a hearing, granted the Director's motion for partial summary judgment and denied the Petitioners' motion for partial summary judgment. The circuit court held that the Virginia Lottery does not offer a program, service, or activity within the meaning of the VDA or ADA. As an additional

3

reason for granting the Director's motion for partial summary judgment, the court cited <u>Bacon</u> and held that the Virginia Lottery is not charged by law with the operation and maintenance of the retailers and, therefore, is not responsible for any VDA or ADA violations by the lottery retailers. Counsel agreed that the circuit court's rulings were dispositive of the Petitioners' suit, and the circuit court, therefore, entered final judgment in favor of the Director.

<u>ANALYSIS</u>

The Petitioners claim that the circuit court erred in denying their motion for partial summary judgment, granting the Director's motion for partial summary judgment, and entering final judgment on behalf of the Director. Specifically, the Petitioners argue that the court incorrectly held that the Virginia Lottery does not offer a program, service, or activity within the meaning of the VDA or ADA. The Director asserts that the Virginia Lottery does not offer a program, service, or activity within the meaning of the VDA or ADA.

The VDA states as follows:

> No otherwise qualified person with a disability shall, on the basis of disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination . . . under any program or activity conducted by or on behalf of any state agency.

Code § 51.5-40.

4

Title II of the ADA states as follows:

Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity.

42 U.S.C. § 12132.

The parties do not dispute that the Petitioners are qualified individuals with disabilities. Further, the parties do not dispute that the Virginia Lottery is a state agency within the meaning of the VDA and a public entity within the meaning of the ADA. The question in dispute is whether the Virginia Lottery offers a service, program, or activity.

In order to answer that question, we must first determine what constitutes a service, program, or activity within the meaning of the VDA and ADA. Such a determination presents a pure question of law, which is subject to a de novo review. Virginia Cellular LLC v. Virginia Dep't of Taxation, 276 Va. 486, 490, 666 S.E.2d 374, 376 (2008).

Under principles of statutory construction, we must consider the ordinary and plain meaning of statutory terms. Hale v. Board of Zoning Appeals, 277 Va. 250, 269, 673 S.E.2d 170, 179 (2009). This Court interprets the law as written in the Virginia Code and in accordance with the intent of the

5

legislature.  Virginia Cellular, 276 Va. at 490, 666 S.E.2d at 376.

"Program" is defined as "a plan of procedure: a schedule or system under which action may be taken toward a desired goal." Webster's Third New International Dictionary 1812 (1993). "Activity" is defined as "natural or normal function or operation." Id. at 22.

The Virginia Lottery, in order to accomplish its statutorily stated purpose, sells lottery tickets to produce revenue.  Code § 58.1-4001.  The Virginia Lottery is authorized to license lottery sales agents to sell lottery tickets.  Code § 58.1-4009.  Because the selling of lottery tickets is the system used by the Virginia Lottery to raise revenue, the selling of those tickets is part of the Virginia Lottery's normal function and operation.  Thus, under the VDA, the selling of lottery tickets, whether by the Virginia Lottery itself or by the Virginia Lottery's licensed retailers, is a program and an activity undertaken by the Virginia Lottery, a state agency. The circuit court erred in holding otherwise.

The ADA does not define "program," "service," or "activity."  However, the ADA directs as follows:

> Except as otherwise provided in this chapter, nothing in this chapter shall be construed to apply a lesser standard than the standards applied under title V of the Rehabilitation Act of 1973 (29 U.S.C. 790 et seq.)

6

or the regulations issued by Federal agencies pursuant to such title.

42 U.S.C. § 12201(a).

The Rehabilitation Act is, therefore, instructive in defining terms under the ADA. Baird v. Rose, 192 F.3d 462, 468 (4th Cir. 1999). Congress has directed courts to construe the ADA to grant at least as much protection as provided by the regulations implementing the Rehabilitation Act. Bragdon v. Abbott, 524 U.S. 624, 638 (1998); Yeskey v. Commonwealth of Pennsylvania Dep't of Corrections, 118 F.3d 168, 170 (3d Cir. 1997)(using the definition of "program or activity" from the Rehabilitation Act to interpret "services," "programs," and "activities" under the ADA). The Rehabilitation Act defines "[p]rogram or activity" as "all of the operations of . . . a department, agency, special purpose district, or other instrumentality of a State or of a local government." 29 U.S.C. § 794(b).

The Department of Justice ("DOJ") regulations are also instructive. Yeskey, 118 F.3d at 170-71; see Blum v. Bacon, 457 U.S. 132, 141 (1982). The DOJ regulations state that the ADA applies to "all services, programs, and activities provided or made available by public entities." 28 C.F.R. 35.102(a) (2008).

Interpreting 42 U.S.C. § 12132 in light of the Rehabilitation Act, the DOJ regulations, and the plain meaning

of the terms therein, we hold that the Virginia Lottery offers a program, service, or activity within the meaning of the ADA, and the circuit court erred in holding otherwise.  Thus, the Virginia Lottery is subject to the requirements of the VDA pursuant to Code § 51.5-40, and to the requirements of the ADA pursuant to 42 U.S.C. § 12132.

We disagree with the circuit court's analysis that the holding in Bacon supports a contrary result.  In Bacon, 475 F.3d at 639, the United States Court of Appeals held that the City of Richmond was not responsible for ADA violations in the Richmond city schools because Virginia law vested the School Board with exclusive control over the city schools.  The Court explained that only the party with control over the challenged program can be held responsible for the ADA violations regarding that program.  Id. at 640.

The Virginia Lottery, however, is required by statute to operate the lottery.  Code § 58.1-4001; Code § 58.1-4003; Code § 58.1-4006(A).  The Virginia Lottery is permitted to license authorized agents to sell lottery tickets.  Code § 58.1-4009; 11 VAC § 5-31-40.  The lottery retailers that Petitioners alleged were inaccessible, for wheelchair use, were licensed agents of the Virginia Lottery.

Privately operated retailers are liable under the VDA and ADA pursuant to Code § 51.5-44 of the VDA and Title III of the

8

ADA, 42 U.S.C. § 12182. The Virginia Lottery has no responsibility and cannot be held liable for violations of Code § 51.5-44 of the VDA and Title III of the ADA made by individual retailers. See Bacon, 475 F.3d at 640. However, this liability, which is the individual liability of the retailers, is separate and apart from the responsibilities that the Virginia Lottery, as a public entity, owes to disabled persons pursuant to the VDA and ADA. See Code § 51.5-40; Code § 51.5-44; 42 U.S.C. § 12132; 42 U.S.C. § 12182.

It is correct that the Virginia Lottery has no power to make physical changes to the lottery retailers' premises or to control the day-to-day operations of the retailers. However, this does not absolve the Virginia Lottery of its obligations under the VDA and ADA. Because the Virginia Lottery is responsible for the operation of the lottery, it is responsible for any VDA or ADA violations involving the Virginia Lottery's duties under Code § 51.5-40 and 42 U.S.C. § 12132. See Bacon, 475 F.3d at 640.

The Petitioners are not seeking a determination of their rights as against the retailers, pursuant to Code § 51.5-44 and 42 U.S.C. § 12182, but rather a determination of their rights and the Virginia Lottery's obligations under Code § 51.5-40 of the VDA and 42 U.S.C. § 12132 of the ADA. In short, although the Virginia Lottery is not responsible for the violations of

9

the lottery retailers concerning their individual retail sites, the Virginia Lottery is responsible for its own violations in failing to provide disabled persons access to the Virginia Lottery's programs and activities.

To the extent the circuit court granted the Director's motion for partial summary judgment and entered judgment in favor of the Director on the Petitioners' claim because the Virginia Lottery was without power to make physical changes to the retailers' premises and was not liable for claims made directly against the retailers for disability discrimination, the circuit court was in error. The VDA and ADA impose an obligation upon the Virginia Lottery separate from the obligation that the individual retailers owe to disabled persons.

Because the selling of lottery tickets is a program or activity within the meaning of the VDA and ADA, we hold that the Virginia Lottery has an obligation under the VDA and ADA to ensure that disabled persons are not excluded from participation in or denied access to such program or activity of the Virginia Lottery. Thus, we conclude that the circuit court erred in granting the Director's motion for partial summary judgment.

The Petitioners next claim that the circuit court erred in failing to grant their motion for partial summary judgment. We disagree.

10

In their motion for partial summary judgment, the Petitioners requested the circuit court to rule, as a matter of law, that the Virginia Lottery has a legal obligation under the VDA and ADA to ensure that the Virginia Lottery's services are accessible to the Petitioners at all lottery retailers.[*] While the Virginia Lottery does have an obligation to ensure that its activities and programs are accessible to the Petitioners, there is no legal requirement regarding how this must be accomplished. Therefore, it cannot be determined, by summary judgment, that Petitioners as a matter of law must be granted physical access to particular retailers or whether the Virginia Lottery may provide access, consistent with the VDA and ADA, by other means. Further, the ADA does not require complete accessibility; the ADA simply requires that a public entity operate each service, program, or activity so that it is accessible, when viewed in its entirety, to disabled persons. 28 C.F.R. § 35.150(a). Thus, we conclude that the circuit court did not err in denying Petitioners' motion for partial summary judgment.

Accordingly, for the reasons stated, we will reverse the circuit court's judgment granting partial summary judgment to the Director, affirm the circuit court's judgment denying the

---

[*] The Petitioners acknowledged that they did not seek summary judgment on the factual question of whether the Virginia Lottery failed to meet its legal obligation to ensure that the Petitioners were able to access lottery products and services.

Petitioners' motion for partial summary judgment, and remand the case to the circuit court for further proceedings.

<u>Reversed in part,</u>
<u>affirmed in part,</u>
<u>and remanded.</u>

12